**MICHAEL C. BAXTER**
Oregon State Bar ID Number 910203
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Richardson

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANITA RICHARDSON**, | Case No. 16-cv-00949 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES, LLC**., a foreign limited liability company, and **AMERICAN HONDA FINANCE CORPORATION,** assumed business name **HONDA FINANCIAL SERVICES**, a foreign business corporation | Fair Credit Reporting Act (15 U.S.C. §1681et.seq.). |
| | Demand for Jury Trial |
| Defendants. | |

Plaintiff alleges that at all times material:

1.

This is a civil action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

1681et.seq.  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

2.

Plaintiff Anita Richardson ("plaintiff") is a natural person residing in the State of Illinois, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3.

Defendant Equifax Information Services, LLC,  ("Equifax" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Defendant American Honda Finance Corporation ("Honda") is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

5.

On May 28, 2009, plaintiff purchased a 2009 Honda Accord and opened an account with Honda Financial Services.  In April, 2010, plaintiff filed a Chapter 13 bankruptcy, including the Honda Financial Services account.

6.

In July 2010, plaintiff disputed to Honda and Equifax that her credit report did not list the account as "included in bankruptcy."  Instead, the account was shown as an open account with a balance of $30,462 outstanding.  Equifax and Honda investigated the dispute and verified the account as reporting accurately.  Plaintiff called the customer service centers for Honda and Equifax frequently over subsequent years to dispute this false reporting.

7.

On or about September 4, 2013, plaintiff requested a document from Honda to verify that it was updating her credit file accurately.  Honda blamed Equifax for the inaccurate reporting and sent plaintiff a letter stating that the account had a $0 balance and was included in bankruptcy.

Plaintiff submitted this letter in a dispute to Equifax.  The account was corrected, but the following month Honda again reported the account incorrectly.

8.

On or about September 9, 2013, plaintiff was denied credit from Toyota Financial based on information appearing on her Equifax credit file.  The information included an open account with Honda reporting a balance of $30,462 and past due payments.  Plaintiff had to take a hardship withdrawal from her 401k to purchase a car after being denied credit.

9.

In September 2013, the account was paid in full and plaintiff received title for the car, which she then sold.  Honda still reported 30-day late payments in April 2014, May 2014, September 2014, January 2015, and July 2015 for this account, despite the fact that plaintiff had already paid the account in full and no longer even had the car.  Plaintiff again disputed the account to Honda, who told her to dispute directly to Equifax as it was Equifax's error.

10.

In May 2014, plaintiff submitted a complaint with the Better Business Bureau that Honda failed to update her credit file with Equifax as "included in bankruptcy."  Honda acknowledged that the code being sent was incorrect.

11.

Plaintiff disputed on or about September 17, 2015 in a conference call with Melody Crestwell at Equifax's corporate office and Sharnice at Honda.  In this call, Equifax acknowledged fixing the reporting of the account due to plaintiff's reporting and then blamed Honda for rereporting false information, which Equifax then reported.  Honda acknowledged that the account had been sent to Equifax with the wrong reference codes and the problem would

have to be resolved with a different department.  Honda told plaintiff that the problem would be fixed within 24-48 hours, after which plaintiff would be called.  Honda never called plaintiff, and the false reporting was not corrected.

12.

On October 15, 2015, Plaintiff filed a complaint to Honda's three locations.  On October 29, 2015, Plaintiff received a phone call from David Deck with Honda that lasted for 19 minutes. Mr. Deck told Plaintiff that he had not reviewed her complaint, but that there was nothing he could do.  He referred to plaintiff's complaint as a "game."  He told plaintiff that she would have a response to her complaint by November 15, but plaintiff did not receive a response.   On December 3, 2015, Plaintiff left voice messages for David Deck at 214-227-5702.  She also called Honda corporate office and spoke with Veronica who confirmed receipt of the complaint. On December 4, 2015, plaintiff was called by Sumar McMillan, a supervisor from Honda, who apologized for Honda's failure to respond to her dispute and informed Plaintiff that David Deck was no longer with Honda.  She conveyed to plaintiff that, "I don't know what I would have done if that happened to me" and explained that Honda couldn't figure out why plaintiff's report continued to report incorrect information.  She mentioned that she had two other accounts with the same issue reporting incorrectly only to Equifax.  On December 17, 2015, Plaintiff received a letter from Sumar McMillen offering $2,000 goodwill gesture.

13.

Plaintiff disputed online with Equifax on at least the following dates: 9/29/2015; 9/16/2015; 8/13/2015; 8/01/2015; 7/21/2015; 7/17/2015; 1/2/2015; 4/12/2014; 3/31/2014; 3/30/2014; 1/31/2014; 1/14/2014; 1/3/2014; 12/11/2013; 11/26/2013; 11/23/2013; 9/4/2013; 9/4/2013; 9/3/2013; 9/3/2013; and 5/16/2013.

14.

FIRST CLAIM FOR RELIEF

Fair Credit Reporting Act

Equifax

(15 U.S.C. § 1681o)

15.

Plaintiff realleges paragraph 1 through 13 as if fully set forth herein.

16.

Equifax willfully failed to comply with the requirement of the Fair Credit Reporting Act in the following ways: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b); failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i; and failing to certify the accuracy of information previously deleted from a consumer's file, failing to provide notice to consumer of reinsertion of previously deleted information, and failing to maintain reasonable procedures designed to prevent the reappearance in a consumer's file of information that is deleted pursuant to 15 U.S.C. § 1681i.

17.

As a result of defendant Equifax's violations of the FCRA, plaintiff has suffered, and continues to suffer, and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

18.

Plaintiff is entitled to her reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

19.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

SECOND CLAIM FOR RELIEF

Equifax

Fair Credit Reporting Act

(15 U.S.C. § 1681n)

20.

Plaintiff realleges paragraphs 1- 12 as if fully set forth herein.

21.

Equifax negligently failed to comply with the requirement of the Fair Credit Reporting Act in the following way:  failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b); failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i; and failing to certify the accuracy of information previously deleted from a consumer's file, failing to provide notice to consumer of reinsertion of previously deleted information, and failing to maintain reasonable procedures designed to prevent the reappearance in a consumer's file of information that is deleted pursuant to 15 U.S.C. § 1681i.

22.

As a result of Equifax's violations of the FCRA, plaintiff has suffered, and continues to suffer, and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

23.

Plaintiff is entitled to her reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF

### Honda

### Fair Credit Reporting Act

### (15 U.S.C. § 1681s-2(b))

24.

Plaintiff realleges paragraphs 1- 12 as if fully set forth herein.

25.

Honda willfully failed to comply with the requirement of the Fair Credit Reporting Act in the following ways: failure to conduct a reasonable investigation, as required by 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681n.

26.

As a result of Honda's violation of the FCRA, plaintiff has suffered, and continues to suffer, and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

27.

Plaintiff is entitled to her reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

28.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

29.

## FOURTH CLAIM FOR RELIEF

### Honda

Fair Credit Reporting Act

(15 U.S.C. § 1681s-2)

30.

Plaintiff realleges paragraphs 1- 12 as if fully set forth herein.

31.

Honda negligently failed to comply with the requirement of the Fair Credit Reporting Act in the following ways: failure to conduct a reasonable investigation, as required by 15 U.S.C. § 1681s-2(b) and 15 U.S.C. 1681o.

32.

As a result of Honda's violation of the FCRA, plaintiff has suffered, and continues to suffer, and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

33.

Plaintiff is entitled to her reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

<u>PRAYER</u>

Plaintiff demands a jury trial on all claims.  Wherefore plaintiff prays for a judgment as follows:

1.      On Plaintiff's First Claim for Relief:

      a.      Damages;

      b.      Punitive Damages

      c.      Reasonable attorney fees and costs.

2.      On Plaintiff's Second Claim for Relief:

    a.      Damages;

    b.      Reasonable attorney fees and costs.

3.      On Plaintiff's Third Claim for Relief:

    a.      Damages;

    b.      Punitive damages;

    c.      Reasonable attorney fees and costs.

4.      On Plaintiff's Fourth Claim for Relief:

    a.      Damages;

    b.      Reasonable attorney fees and costs.

DATED this 30th day of May 2016.

/s/ Michael C. Baxter

_____
Michael C. Baxter, OSB # 910203
michael@baxterlaw.com
Justin M. Baxter, OSB # 992178
justin@baxterlaw.com
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff