IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANITA RICHARDSON, | Case No. 3:16-cv-00949-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, HONDA FINANCIAL SERVICES, And AMERICAN HONDA FINANCE CORPORATION, | |
| Defendants. | |

Aiken, District Judge:

Defendant, Equifax Information Services, Inc. ("Equifax"), joined by defendants, Honda Financial Services ("HFS") and American Honda Finance Corporation ("AHFC"), move this Court, pursuant to 28 U.S.C. § 1404(a), for an order transferring venue of this case to the Northern District of Georgia. The motion also requests that this Court stay discovery pending

1 – OPINION AND ORDER

the decision on the motion to transfer. Equifax further moves for an order clarifying this Court's previous orders extending pretrial deadlines. For the reasons stated below, defendants' motions are GRANTED.

## BACKGROUND

Plaintiff, Anita Richardson, a resident of Downers Grove, Illinois, brings this action against defendants for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681a-1681x. Plaintiff alleges that defendants violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports and by failing to conduct reasonable investigations into plaintiff's disputes.

On May 28, 2009, plaintiff purchased a 2009 Honda Accord and opened an account with HFS. She subsequently filed for Chapter 13 bankruptcy in April, 2010 and further asserts that her account with HFS was paid in full as of October 2012. Plaintiff alleges that in July 2010, her credit report as maintained by Equifax did not list the account as included in bankruptcy. Plaintiff contends that she disputed this report, however defendants verified the report as accurate. Further issues arose beginning in May 2013, when plaintiff disputed the HFS account as still showing an incorrect balance when she claims that it had been previously paid in full. Plaintiff alleges that there were numerous instances where she was forced to dispute the account with defendants. The final interaction occurred December 4, 2015. Plaintiff alleges she suffered several hardships as a result of this issues with her credit report during this period.

Plaintiff filed the present action on May 30, 2016. She filed an Amended Complaint on September 8, 2016. Following plaintiff's deposition testimony taken on March 14, 2017, defendant Equifax filed the present motion for transfer of venue to the Northern District of Georgia and a stay of discovery which was later joined by AHFC and HFS.

## STANDARD OF REVIEW

A defendant may move to transfer venue to another federal district pursuant to 28 U.S.C. § 1404(a), which states that "for the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). "In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (internal quotations omitted). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen*, 376 U.S. at 622.

In addition to considering the convenience of the witnesses and the parties, the Ninth Circuit has identified the following factors that a court "may consider" when deciding a motion to transfer:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). A "section 1404(a) transfer is available 'upon a lesser showing of inconvenience' than that required for a *forum non conveniens* dismissal." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (internal quotations omitted), opinion modified, 828 F.2d 1445 (9th Cir. 1987).

Moreover, weighing of the factors for and against transfer involves "subtle considerations" and is best left to the "broad discretion" of the trial judge. *Id.* The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. *Id.* "[A] plaintiff's choice of forum may receive less weight if the operative facts did not occur within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Vesta Corp. v. Amdocs Mgmt., Ltd.*, 129 F. Supp. 3d 1012, 1037 (D. Or. 2015) (internal quotations omitted).

## DISCUSSION

As an initial matter, it is clear, pursuant to 28 U.S.C. § 1404(a), that this action could have been brought in the Northern District of Georgia, as Equifax is a Limited Liability company with its principal place of business in Atlanta, Georgia and all of its operations related to plaintiff's claims are located there.

Plaintiff argues that the motion should be denied because (1) Oregon was her choice of forum; (2) defendants are registered and do business in the state Oregon; and (3) the motion should have been filed earlier in litigation. Plaintiff also argues that although no information or witnesses are located in this district, documents and files could be transmitted electronically and depositions and trial testimony could occur by video conferencing or by travel to the witness' locations.

Defendants argue that Oregon is not the proper venue because: (1) plaintiff is a resident of the State of Illinois; (2) no events giving rise to this suit occurred in the district; (3) plaintiff's vehicle purchase and financing occurred outside of the district (4) there are no relevant documents or witnesses in Oregon. Moreover, Equifax submitted that all of its key witnesses and evidence relating to plaintiff's claims are in the Northern district of Georgia. AHFC and

HFS have noted that their witness that have been and will be deposed are located much closer the Northern District of Georgia than the District of Oregon. Further, all of plaintiff's disputes with AHFC and HFC were directed to operation centers in Torrance California; Elgin, Illinois; and Irving, Texas.

Numerous transfers of venue have been ordered by Courts in the District of Oregon in cases with similar facts. *See Hudson v. Diversified Consultants, Inc.*, No 6:16-CV-01252-TC, 2016 WL 6434971 (D. Or. Oct. 25, 2016). (Transferring a class action claim to the Middle District of Florida, where plaintiff had no contacts with the District of Oregon, a substantial part of the events giving rise to the claim occurred in another district, and all key witnesses and evidence where located in another district.) *Reg'l Local Union Nos. 846 & 847, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, AFL-CIO, et al v. Valentine Steel Serv., Inc.*, No. 3:13-CV-2272-AA, 2015 WL 1284221, (D. Or. Mar. 17, 2015) (Transferring an ERISA claim to the Southern District of Texas, where none of the events giving rise to the litigation occurred in the District of Oregon, none of the named plaintiff's resided in Oregon, and none of the witnesses or evidence to be used at trial was located in Oregon.); *Partney Const., Inc. v. Ducks Unlimited, Inc.*, No. CIV. 08–574–SU, 2008 WL 4838849 (D. Or. Nov. 3, 2008) (Transferring breach of contract claim to the District Nevada on the grounds that all of the conduct giving rise to the claims occurred in Nevada, Nevada was more convenient for the witnesses, and the fact that the state of Nevada and its residents would have a greater interest in the resolution of the claim.)[1] [2]

---

[1] Judge Sullivan made note in her opinion that, while not particularly compelling, a factor to consider in deciding a motion to transfer was "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at 4, (citing *Gulf Oil Corp. v Gilbert*, 330 U.S. 501, 509 (1947)).

5 – OPINION AND ORDER

The present case is most analogous to *Hudson, supra*, and Magistrate Judge Coffin's reasoning in that case remains persuasive. Here, as in that case, plaintiff's complaint reveals that none of the operative facts giving rise to this dispute occurred in the District of Oregon. Rather, the original vehicle plaintiff purchased was titled in Illinois and her 2010 Chapter 13 Bankruptcy occurred in the Northern District of Illinois. And all disputes with defendant were routed to operations centers located outside of the district of Oregon.[3]

As noted before, plaintiff is not a resident of this district and none of the operative facts giving rise to this litigation occurred here. When asked why she chose to file suit in Oregon, plaintiff spoke about her love of travel, that she had never visited Oregon, and the fact that she had several friends in the area. She further admitted that all of her interactions with defendants occurred outside of the district of the Oregon. Given these facts, I hold that plaintiff's choice of forum is entitled to lesser weight. *Vesta Corp.,* at 1037

The Northern District of Georgia would be more convenient to the parties and the witnesses in this case. Equifax is headquartered in Atlanta, where its consumer database is located. All communications related to plaintiff's case were directed to Equifax in Atlanta. Equifax represents that all employees, documents, and data associated with this case are located in Atlanta. Plaintiff has not contested this assertion. AHFC and HFS have pleaded that the Northern District of Georgia would be more convenient for them as well because it closer to their

---

[2] Compare these cases with *Vesta, supra*, where the court denied a motion to transfer venue noting that plaintiff's headquarters and largest technical operations were in Oregon, meetings and discussions between the parties occurred in Oregon, and certain trade secrets were located in Oregon.

[3] Plaintiff argues that some of her information may have passed through Oregon electronically after being accessed by Wells Fargo Home Mortgage. However, these facts are not alleged in her complaint, nor were these transactions identified in her deposition. Crucial to my consideration of this motion is the fact that there is no evidence in the record that any report was ever held or used in Oregon.

6 – OPINION AND ORDER

operation centers where key witnesses and documents are located. Also, the Northern District of Georgia would be closer geographically to plaintiff and her own witnesses. While it is true that traveling to Georgia may pose some inconvenience to plaintiff, however, the expense and inconvenience to all parties in making them travel to Oregon to try this case exceeds the expense and inconvenience to plaintiff if the case is tried in Georgia.

As a result, I find that the Northern District of Georgia is the most convenient forum with respect to each of the parties' contacts with the forum, the contacts relating to the plaintiff's cause of action, the differences in the costs of litigation in the two forums, the availability of compulsory process, and the ease of access to sources of proof. Accordingly, I find that defendants have made a showing of inconvenience that strongly outweighs plaintiff's choice of forum and supports transfer.

Plaintiff also raises an objection as to the timing of the motion. I find that the motion was timely for the reasons outlined in Section II regarding Equifax's motion for clarification as well as the fact that HFS and AHFC specifically reserved their right to make such a motion. Plaintiff also argues that this motion should have been brought earlier in the litigation process because the complaint gave defendant's notice that plaintiff was a resident of Illinois. However, I find the timing of the motion reasonable given that it was filed only days after defendants deposed plaintiff. It was then that they confirmed that plaintiff had no ties to this district and was not alleging that any operative facts occurred within the district. Plaintiff argues that transferring the case to Georgia will restart the entire litigation. This concern is overstated. Discovery has not been completed in this case. Moreover, once the case is transferred, the trial court can enter new deadlines for discovery and dispositive motions taking into consideration the work already done by the parties.

7 – OPINION AND ORDER

Therefore, pursuant to the applicable factors in *Jones*, I find that transferring the case to the Northern District of Georgia would prevent the waste of time, energy, and money, and would protect the litigants and witnesses against unnecessary inconvenience and expense. *Van Dusen*, 376 U.S. at 616.

*II. Motion for Clarification*

Defendant Equifax moves the Court to clarify (doc. 51) its previous orders granting unopposed motions for extensions of time (docs 23, 26, and 34). Defendant correctly notes that those motions either requested an extension as to pretrial, discovery, and dispositive motions or all pretrial deadlines. Those motions were each granted by the Court without reservation (docs. 24, 27, and 35). The minute orders issued by the clerk contained listed dates for certain deadlines such as dispositive motions, joint ADR report, and pretrial order. However, these deadlines were not designated as exclusive to all other deadlines, nor did the orders state that motions to extend were granted in part and denied in part. Rather, the Court clearly granted the unopposed motions extending all pretrial deadlines, which included deadlines such as the present motion to transfer.

Confusingly, plaintiff notes in her response that she "does not oppose extending pretrial deadlines." Rather she reiterates her objection that defendants' motion was not filed sooner. The motion is undoubtedly timely based on the fact that all pretrial deadlines, as stipulated in the unopposed motions, were extended by the Court when it granted the unopposed motions for extension of time.

Therefore, the Court clarifies, so far as it is necessary for the record, that Orders 24, 27, and 35 apply to extensions of time for all pretrial deadlines. Given this ruling, the Court need not address any other issues raised in the motion to clarify.

8 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, Equifax's motion to transfer venue and stay discovery (doc. 40), joined by AHFC is GRANTED. The Clerk is ordered to electronically transfer this case to the United States District Court for the North District of Georgia, Atlanta Division. Accordingly, consideration of plaintiff's motion to compel (doc. 30) is stayed until after the case has been transferred. Further, defendant's motion for clarification (doc. 51) is GRANTED as explained above.

IT IS SO ORDERED.

DATED this 28 day of September 2017.

_____
ANN AIKEN
U.S. District Judge